Gregory E. Stone (State Bar No. 144057)
gstone@srclaw.com
Venessa Martinez (State Bar No. 229174)
vmartinez@srclaw.com
STONE | ROSENBLATT | CHA, PLC
21550 Oxnard Street, Main Plaza – Suite 200
Woodland Hills, California  91367
Tel:  (818) 999-2232
Fax:  (818) 999-2269

Attorneys for Defendant,
**SERGEANT STEVEN TOBIAS**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA CECILIA GONZALEZ and HERBERT GONZALEZ,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES SHERIFF'S DEPARTMENT, SHERIFF LEE BACA, LASD SGT. RANDY SEYMOUR, LASD DET. KATHLEEN GALLAGHER MANHATTAN BEACH POLICE DEPARTMENT, SGT. STEVEN TOBIAS, and DOES 1 to 10,<br><br>Defendants. | Case No.:  CV 07-2064 FMC (Rzx)<br>*[Assigned to the Hon. Florence-Marie Cooper]*<br><br>**[PROPOSED] AMENDED ORDER: PURSUANT TO PARTIES STIPULATION FOR A PROTECTIVE ORDER**<br><br><br>NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT |

Pursuant to the stipulation of the parties and for good cause appearing therefor, the Court orders that a protective order be effective as of the date of this Order, as follows:

1. Any documents which Defendants produce to Plaintiffs either in accordance with a court order or in response to discovery requests and which are contained within any officer's personnel file or part of an internal affairs investigation, and/or related to the on-going murder investigation involving Milton Gallardo and the murder of

1
**[PROPOSED] AMENDED ORDER:
PURSUANT TO PARTIES STIPULATION FOR A PROTECTIVE ORDER**

Libia Cabrera are to be designated as "confidential material." Such designation shall be made by stamping or otherwise marking the documents prior to production or use in this litigation as follows: "CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER."

Defendants shall make a good faith effort to determine which documents are subject to this protective order and shall so classify only documents that are believed to be confidential in good faith. If during the course of this litigation, Plaintiffs become aware that a document may no longer be subject to this protective order due to its publication in the course of the Milton Gallardo criminal prosecution or for some other reason, Plaintiffs' counsel may contact defense counsel and request re-consideration of the subject document's status.

2. Defendants agree to meet and confer with Plaintiffs' counsel if they believe there are any documents which should be deemed confidential pursuant to the protective order, but have already been produced prior to the execution of the protective order.

3. Confidential material may not be disclosed except as provided in paragraph 4.

4. Confidential material may be disclosed only to the following persons:

   a. Counsel for any party and any party to this litigation;
   b. Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in (a).
   c. Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action;

**[PROPOSED] AMENDED ORDER:
PURSUANT TO PARTIES STIPULATION FOR A PROTECTIVE ORDER**

   d. Any outside expert or consultant retained in connection with this action, and not otherwise employed by either party; and

   e. Any "in-house" expert designated by either party to testify at trial in this matter.

   Nothing in paragraph 4 is intended to prevent officials or employees of the Manhattan Beach Police Department or Los Angeles County Sheriff's Department or other authorized governmental officials from having access to the documents if they would have had access in the normal course of their job duties.  Further, nothing in this order prevents a witness from disclosing events or activities personal to him or her, that is, a witness can disclose to others information previously given to the Manhattan Beach Police Department or Los Angeles County Sheriff's Department with respect to what he or she saw, heard or otherwise sensed.

5. Each person to whom disclosure is made, with the exception of counsel, who are presumed to know the contents of this protective order, shall prior to the time of disclosure, be provided by the person furnishing him/her such material a copy of this order, and shall agree on the record or in writing that he/she has read the protective order, and that he/she understands the provisions of the protective order.  Such person also must consent to be subject to the jurisdiction of the United States District Court with respect to any proceeding related to enforcement of this order, including without limitation, any proceeding for contempt.  Unless made on the record in this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of said agreement until final termination of this litigation.

6. If any information and/or documents which are the subject of this

**[PROPOSED] AMENDED ORDER:**
**PURSUANT TO PARTIES STIPULATION FOR A PROTECTIVE ORDER**

Protective Order are presented to this or any other court in any other manner prior to the time of trial, said information and/or documents shall be lodged under seal in an envelope clearly marked as follows:

"CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER."

7. At the conclusion of the trial and of any appeal or upon termination of this litigation, all confidential material received under the provisions of this order (including any copies made and/or any computer materials made or stored) shall be tendered back to the Manhattan Beach Police Department and/or Los Angeles County Sheriff's Department – which ever party originally produced the information. Provisions of this order in so far as they restrict the disclosure and use of the material shall be in effect until further order of this court.

8. The foregoing is without prejudice to the right of any party:
   a. To apply to the court for a further protective order relating to confidential material or relating to discovery in this litigation;
   b. To apply to the court for an order removing the confidential material designation from any documents; and
   c. To apply to the court for an order compelling production of documents or modification of this order or for any order permitting disclosure of confidential material beyond the terms of this order.

This Order governs pre-trial proceedings, but not dispositive motions or trial. If protection is desired in connection with those proceedings, it must
//

**[PROPOSED] AMENDED ORDER:
PURSUANT TO PARTIES STIPULATION FOR A PROTECTIVE ORDER**

be sought separately from the judicial officer who will preside over those proceedings.

IT IS SO ORDERED.

DATED: September 10, 2008

_____
HON. Ralph Zarefsky
Magistrate Judge
UNITED STATED DISTRICT COURT